THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 21-cv-229

| | |
|---|---|
| RUSSELL DORVIT<br>               Plaintiff,<br><br>v.<br><br>EAST PENN MANUFACTURING CO.,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DEFENDANT EAST PENN MANUFACTURING CO.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Defendant EAST PENN MANUFACTURING COMPANY, INC, (hereinafter "**Defendant**" or "**East Penn**") provides these amended / supplemental responses[1] to Plaintiff Russell Dorvit's First Set of Interrogatories and Requests for Production of Documents (collectively referred to herein as the "**Request**" or "**Requests**") as follows,

## INTERROGATORIES

1. Please detail in narrative form the participation of each of the Principal Players in the decision to suspend and ultimately terminate Plaintiff. (Your answer should detail the final decisionmaker and the role played by each of the other Principal Players in the decision.)

**INITIAL RESPONSE**:

Objection. This interrogatory is overly-broad, vague, confusing and unduly-burdensome. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the Federal Rules of Civil Procedure. Without waiving any of the foregoing objections, East Penn responds as follows:

**The following individuals participated in the decision to terminate the employment of plaintiff: Alison Snyder (final decision maker), Frank E. Cline, Bruce DelGarbino, Mike Rasool. Messrs. Cline and DelGarbino consulted with Ms. Snyder and made her aware of**

---

[1] These Amended and Supplemental Responses are specifically intended to amend and supplement East Penn's initial responses served on December 10, 2021 (the "**Initial Responses**"). In providing these amended and supplemental responses, East Penn does not waive, but instead specifically reserves, all of its objections set forth in the Initial Responses.

1

the "Principal Players" as requested in Interrogatory 10. The "Principal Players" were consulted in connection with this response and, while some of them certainly recall having multiple "phone calls and other communications" with the Plaintiff regarding a host of matters that may "relate[] to the conditions of his employment or the allegations of the Complaint," the specifics of such conversations are unable to reasonably be recalled and placed in narrative format herein. To the extent East Penn has written documentation of any such communications, East Penn has produced such documentation.

Additionally, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, see documents bates numbered as EPM 0000933, 1078-1080, 1086-1091, 1098-1100, 1119-1122, 1280-1282, 1291-1294, 1327, 1341-1343, 1610-1624, 1627-1630. Further, East Penn hereby confirms that it has not withheld any non-privileged responsive information or documents based upon the above objections or the "General Objections" set out in the Initial Responses.

11. Please identify by make and model (or other identifying information), the batteries and battery rack(s), as located at Atlantic Coastal Toyota Lift ("ACTL"), at around the time of Plaintiff's termination, including as may be depicted in the photos produced by Plaintiff and marked as Plaintiff BATES 89-70 and/or 369-370. (If you do not know the make or model of the batteries or battery rack(s), please provide the same information for the batteries and battery racks generally supplied by you to customers served by the Winston-Salem distribution center.)

**INITIAL RESPONSE:**

Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the Federal Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendant responds as follows:

The batteries ordered by ACTL were automotive batteries designated as follows:

i) 1131PMF-57 pounds

ii) 426RMF-28 pounds

iii) 524MF-37 pounds

iv) 535MF-34 pounds

v) 545MF-31 pounds

vi) 551RMF-29 pounds

vii) 624MF-40 pounds

9

viii) 627FMF-49 pounds

ix) 627MF-49 pounds

x) GC10-61 pounds

xi) GC15-64 pounds

xii) GC25-68 pounds

xiii) VL31PX-55 pounds

East Penn does not know the make or model of the battery racks at ACTL as it did not supply these racks to ACTL.

### *SUPPLEMENTAL RESPONSE*:

*Subject to, and without waiver of these objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, see documents bates numbered as EPM 1581-1583. In providing the foregoing documentation regarding the racks occasionally provided or sold by East Penn to its customers, East Penn specifically reserves, preserves, and does not waive any of its objections including, without limitation, all objections to the relevance of such information in connection with this action. Further, East Penn hereby confirms that it has not withheld any non-privileged responsive information or documents based upon the above objections or the "General Objections" set out in the Initial Responses.*

12. Please identify all persons involved in the creation, administration, and/or implementation of Your policies and practices at the HPSD, related to the transition from paper logs to electronic drive logs, and detail in narrative form the roles and responsibilities of each such person.

### INITIAL RESPONSE:

Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the Federal Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendant responds as follows:

| | |
|---|---|
| Andy Franks - | Fleet Manager |
| Chad Sensening - | Fleet Telematics Coordinator (former) |
| Eric Adam - | Fleet Telematics Coordinator (current) |
| Zach Christie - | Warehouse Manager |

10

## VERIFICATION

I, Alison Snyder, Assistant Vice-President Personnel for East Penn Manufacturing Company, verify that the statements made in Defendant's First Amended and Supplemental Responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief based on my review of the business records of the Defendant in this action.

Dated: January 14th, 2022.

*Alison Snyder*
Alison Snyder