| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISON<br>**20-CvS-1934** |
| COUNTY OF FORSYTH | |

| | |
|---|---|
| RUSSELL DORVIT, JOSHUA HAWKINS and MICHAEL ELLIS,<br><br>Plaintiffs,<br><br>v.<br><br>EAST PENN MANUFACTURING CO., FRANKIE CLINE and BRUCE DELGARBINO,<br>Defendants. | **DEFENDANT EAST PENN MANUFACTURING CO.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF RUSSELL DORVIT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS TO ADMIT** |

Defendant EAST PENN MANUFACTURING COMPANY., INC. (hereinafter "**Defendant**" or "**East Penn**") hereby supplements its previously-served responses to Plaintiff Russell Dorvit's First Set of Interrogatories, Requests for Production of Documents and Requests to Admit (collectively referred to herein as the "**Request**" or "**Requests**"), in accordance with the North Carolina Rules of Civil Procedure, as follows. Except as herein set forth, the previous responses made and given by East Penn to the Requests are incorporated herein by reference. Further, these supplemental responses are based on documents and information presently available to East Penn, and known or believed to be true by East Penn at the time of preparing these supplemental responses. Therefore, these supplemental responses are being provided without prejudice to, and expressly reserving, East Penn's right to amend, change, modify, supplement or otherwise add to their responses consistent with the North Carolina Rules of Civil Procedure.

**SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES**

5. What was East Penn's policy with respect to Plaintiffs' promised wages? Identify all documents that evidence the same.

***ORIGINAL RESPONSE***:

1

*Objection. This interrogatory is overly-broad, unduly burdensome, vague and confusing. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, East Penn responds as follows:*

*See East Penn's Answer to ¶ 40 of the Plaintiffs' Complaint in this cause. East Penn's policies and practices are set out in its employee handbook, its policies and procedures manual, and conspicuously posted at the workplace. To the extent that this interrogatory attempts to incorporate the term "promised wages," as used in N.C. Gen. Stat. §95-25.13, East Penn objects, but further states that, at all times, it gave each of the Plaintiffs – and all of its employees – all notices required by applicable law in a timely-manner.*

SUPPLEMENTAL RESPONSE:

**In addition to the foregoing, each of the Plaintiffs was specifically informed orally at the time of their hiring that they would be paid on an hourly basis. Each of the Plaintiffs accepted employment with East Penn on these express terms.**

9. State the basis for your denial of paragraph 44 of the complaint. Did either DelGarbino and/or Cline manage the DC Side ("Warehouse 60")? If yes, detail in narrative form the relative roles and responsibilities of Delgarbino and/or Cline with respect to Warehouse 60.

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, East Penn responds as follows:*

*East Penn denied the allegations of Paragraph 44 because they are false.*

SUPPLEMENTAL RESPONSE:

**In addition to the foregoing, the allegations of Paragraph 44 of the Complaint are false because, during the applicable time period, the DC Side was not managed by other persons besides DelGarbino and Cline.**

10. Identify all terms used by East Penn to refer to the job performed by Plaintiffs, including without limitation any "Labor Code" classifications, (e.g., 98-5710 or 64-19), departments (e.g., "5710 - Straight Van"), other classifications (e.g., "specialized"), and any other

2

terms directly associated with the job title. For each such term, detail the meaning of the term in narrative.

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, East Penn responds as follows:*

*In accordance with Rule 33(c) of the North Carolina Rules of Civil Procedure, see documents produced, and in particular the job description for "route drivers van". Additionally, the code "64-19" and "Dept - 5710" relate to this job description.*

**SUPPLEMENTAL RESPONSE:**

**In addition to the foregoing, at times, East Penn refers to individuals holding the job description of "route drivers van" as "straight van drivers." However, to avoid any confusion, the reference to "Straight Van Trip" on Exhibit 1 attached to the Complaint in this matter is, in no manner, a reference to any individual holding the job description "route driver van" at East Penn. Exhibit 1 to the Complaint is entirely inapplicable to any of the Plaintiffs, or any other employee of East Penn holding the same job description.**

12. State the basis of your denial of paragraph 29 of the complaint.

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, East Penn responds as follows:*

*East Penn denied this allegation because it adopted no such practices and policies that applied specifically to Plaintiffs. East Penn's policies and practices are set out in its employee handbook, its policies and procedures manual, and conspicuously posted at the workplace. To the extent that this interrogatory attempts to incorporate the term "promised wages," as used in N.C. Gen. Stat. §95-25.13, East Penn objects, but further states that, at all times, it gave each of the Plaintiffs – and all of its employees – all notices required by applicable law in a timely-manner.*

**SUPPLEMENTAL RESPONSE:**

3

In addition to the foregoing, East Penn specifically informed each of the Plaintiffs orally at the time of their hiring that they would be paid on an hourly basis. Each of the Plaintiffs accepted employment with East Penn on these express terms. Further, on a regular basis for each pay period, each of the Plaintiffs was provided with a written statement detailing all amounts earned and deducted from their pay.

13. Why did you <u>not</u> adopt written policies and/or practices covering pay or wages that were applicable to any of the Plaintiffs, as found in your answer to paragraph 40 of the complaint?

<u>*INITIAL RESPONSE:*</u>

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, East Penn responds as follows:*

*East Penn responded as it did to paragraph 40 of the Complaint because it adopted no practices and policies that applied specifically to Plaintiffs. East Penn's policies and practices are set out in its employee handbook, its policies and procedures manual, and conspicuously posted at the workplace. To the extent that this interrogatory attempts to incorporate any aspect of N.C. Gen. Stat. §95-25.13, East Penn objects, but further states that, at all times, it fully-complied with applicable law, in all respects.*

<u>SUPPLEMENTAL RESPONSE:</u>

In addition to the foregoing, East Penn did not adopt any policies and practices that applied specifically to the Plaintiffs, other than those described above, as it was unnecessary to do so. East Penn orally notified each of the Plaintiffs at the time of their hiring that they would be paid on an hourly basis, consistent with all other "route drivers van" employed by East Penn nationwide, other than those specific drivers working out of the Topton location.

14. How many persons were employed by you, anywhere in the United States, as straight van drivers as of January 20, 2019?

<u>*INITIAL RESPONSE:*</u>

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as*

4

*defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, East Penn responds as follows:*

*On the specified date, there were 0 "straight van drivers" employed by East Penn.*

SUPPLEMENTAL RESPONSE:

**In addition to the foregoing, as specified previously, the correct job title for each of the Plaintiffs was "route driver van," not "straight van driver." Notwithstanding that fact, see documents produced herewith in accordance with Rule 33(c) of the North Carolina Rules of Civil Procedure detailing the number of "route drivers van" that were employed by East Penn on the specified date.**

15. How many of the straight van drivers (as counted in your answer to the preceding interrogatory) were <u>not</u> subject to any written employment practices and policies <u>with regard to promised wages?</u> Identify all such persons by the location and name of the East Penn facility where they worked.

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, East Penn responds as follows:*

*None.*

SUPPLEMENTAL RESPONSE:

**In addition to the foregoing, as specified previously, the correct job title for each of the Plaintiffs was "route driver van," not "straight van driver." Notwithstanding that fact, none of the "route drivers van" employed by East Penn at the specified time were subject to any specific written employment practices and policies with regard to promised wages, except as specified in response to Interrogatory 13 above. East Penn specifically maintains that, at all times, it fully-complied with applicable law in all respects.**

16. How many of the straight van drivers (as counted in your answer to interrogatory 13) <u>were</u> subject to any written employment practices and policies <u>with regard to promised wages?</u> Identify all such persons and for each person so identified by the location and name of the East

Penn facility where they worked, and all documents evidencing the written practices and policies regarding promised wages.

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, East Penn responds as follows:*

*None.*

**SUPPLEMENTAL RESPONSE:**

**In addition to the foregoing, as specified previously, the correct job title for each of the Plaintiffs was "route driver van," not "straight van driver." Notwithstanding that fact, none of the "route drivers van" employed by East Penn at the specified time were subject to any specific written employment practices and policies with regard to promised wages, except as specified in response to Interrogatory 13 above. East Penn specifically maintains that, at all times, it fully-complied with applicable law in all respects.**

17. Identify all persons for which each of the following three statements are true: (a) the person worked as an employee for you on or after January 20, 2019; (b) the person's primary job duties including driving a van or truck and/or delivering batteries; (c) the wage rates in Exhibit 1 never applied to the person.

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action and is unintelligible. Further, this interrogatory is unintelligible. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure.*

**SUPPLEMENTAL RESPONSE:**

**In addition to the foregoing, and specifically reserving all objections, no East Penn employed as a "route driver van" was subject to the wage rates set out in Exhibit 1 to the Complaint, other than certain drivers operating out of East Penn's Topton location. Rather, all such drivers were compensated in precisely the same manner as the Plaintiffs here – namely, on an hourly basis.**

30. For each of Plaintiffs, on a per pay period basis, provide all information necessary to calculate their wages pursuant to Exhibit 1. (Your answer should include the number of "miles" driven, "trips" completed, "stops" made, "junk batteries" collected, and hours spent in each of "breakdown," "ride along," "trainee," "yard," "excessive detention," and in compensable "mandatory/non driving activities.")

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*Exhibit 1 is not applicable to any of the Plaintiffs. As such, none. In accordance with Rule 33(c) of the North Carolina Rules of Civil Procedure, see documents produced, and in particular payroll documentation for each of the Plaintiffs.*

**SUPPLEMENTAL RESPONSE:**

**In addition to the foregoing, prior to mediation and at mediation in this matter, East Penn provided supplemental materials and documents detailing data collected during August, 2018. For clarity, this was the only month that such data was collected. The data was collected as a one-time experiment to attempt to address the concerns of the Plaintiffs, but was otherwise irrelevant to the compensation of the Plaintiffs. Ultimately, however, other than a raise in the Plaintiffs' hourly rate of pay – which was accepted by each of the Plaintiffs – no changes were made to the manner in which the Plaintiffs, or any other "route drivers van" were compensated.**

31. What was the "average rate" as referenced in paragraph 37 of the complaint, <u>Exhibit 1</u>, and any document substantially similar to Exhibit 1 as in effect in 2018?

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

7

*Exhibit 1 is not applicable to any of the Plaintiffs. As such, none. In accordance with Rule 33(c) of the North Carolina Rules of Civil Procedure, see documents produced, and in particular payroll documentation for each of the Plaintiffs.*

SUPPLEMENTAL RESPONSE:

In addition to the foregoing, see Supplemental Response to Interrogatory 30, above.

32. Identify all complaints made by one or more of Plaintiffs to you about their wages and your response to the same.

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*On one occasion in late 2018, Plaintiff Dorvit expressed to Messrs. Cline and DelGarbino that he wanted to be paid the same wage as other East Penn drivers holding Class A CDL's. During this exchange, Mr. Dorvit was told that if wanted to paid like these other drivers he should obtain his Class A CDL and go to work on the DC side. At this time, Dorvit and other route drivers van also told that East Penn would see what could be done about raising their hourly wage rate. At the time, these route drivers van were being paid $19.95/hr., which was a competitive rate for CDL Class B drivers in North Carolina. In response, East Penn raised their rate to $22/hr.*

SUPPLEMENTAL RESPONSE:

In addition to the foregoing, East Penn states that it has no record of any other complaints made by any of the Plaintiffs to it regarding the issue of the Plaintiffs' wages.

33. What is the policy and practice for updating Exhibit 1, on an annual or some other basis?

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this*

8

*action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*Exhibit 1 is not applicable to any of the Plaintiffs. As such, none. In accordance with Rule 33(c) of the North Carolina Rules of Civil Procedure, see documents produced, and in particular payroll documentation for each of the Plaintiffs.*

### SUPPLEMENTAL RESPONSE:

In addition to the foregoing, East Penn states that, while entirely irrelevant to the compensation of the Plaintiffs' in any respect, documents similar to Exhibit 1 to the Complaint are, generally speaking, prepared annually.

36. How much did you offer or otherwise pay Plaintiffs on a per diem basis?

### *INITIAL RESPONSE*:

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*None, as Plaintiffs were not paid on a per diem basis.*

### SUPPLEMENTAL RESPONSE:

Other than as specified in its initial response, East Penn has no further response as the Plaintiffs were not compensated on a per diem basis. Routine business expenses may have been reimbursed, but never constituted part of any of the Plaintiffs' "pay."

37. At any time during the statutory period, did you maintain a police and practice of paying straight van drivers and/or delivery drivers (excluding Plaintiffs) a per diem rate <u>in excess</u> of the per diem rate identified in your answer to the preceding interrogatory? If yes, identify the other rate paid and all documents that evidence the same.

9

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*None, as Plaintiffs were not paid on a per diem basis. See response to interrogatory 36 above.*

**SUPPLEMENTAL RESPONSE:**

**In addition to the foregoing, see Supplemental Response to interrogatory 36 above.**

38. With respect to Plaintiffs, did you strictly comply with the Driver's Cash Expense Guidelines, as referenced in Exhibit 1 to the complaint? If not, explain how your policies and practices deviated from the Driver's Cash Expense Guidelines, as related to Plaintiffs?

*INITIAL RESPONSE:*

*Objection. This interrogatory is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any and all claims and/or defenses at issue in this action. Accordingly, this interrogatory seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*Exhibit 1 is not applicable to any of the Plaintiffs.*

**SUPPLEMENTAL RESPONSE:**

**In addition to the foregoing, East Penn states that its policies and practices relating to the "Driver's Cash Expense Guidelines" shown on Exhibit 1 to the Complaint did not relate to the Plaintiffs in any respect, and therefore "differed" from those employees to which such guidelines did. No further response to this interrogatory is possible.**

## SUPPLEMENTAL RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

3. All documents produced by an electronic search of the *Computing Devices* and the *Social Service Accounts*, as identified in response to Interrogatory 3 and Interrogatory 4, respectively, for the following search terms (and produce all responsive documents related in any way to the allegations in the complaint):

   a. Russ!
   b. Dorvit
   c. Josh!
   d. Hawkins
   e. Ellis
   f. unpaid
   g. wage

   <u>*INITIAL RESPONSE:*</u>

   *Objection. This request is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any claim and/or defense at issue in this action. Further this request seeks the production of documentation protected by the attorney-client privilege and/or the work product doctrine. Accordingly, this request seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

   *The requested search terms are overly-broad and, if performed on "Computing Devices" and/or "Social Service Accounts," as defined in the Requests, would likely yield no responsive results. East Penn will consult with counsel for the Plaintiffs and will conduct a reasonable search of its Electronically Stored Information ("ESI") that is relevant to this action, and thereafter will produce responsive, non-privileged documents at a time and location, and in a format, mutually-convenient to the parties.*

   <u>SUPPLEMENTAL RESPONSE:</u>

   **In addition to the foregoing, East Penn affirmatively states that it has already produced what it believes a reasonable search of its ESI would reveal in terms of relevant documents. However, East Penn will agree to consult with counsel for the Plaintiffs to discuss any other reasonable searches of its ESI that the Plaintiffs may request.**

5. All documents evidencing complaints made by one or more Plaintiffs to you about their wages and/or your response to the same.

   <u>*INITIAL RESPONSE:*</u>

   *Objection. This request is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any claim and/or defense at issue in this action. Further*

*this request seeks the production of documentation protected by the attorney-client privilege and/or the work product doctrine. Accordingly, this request seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*If any, such documents would be located in a search of East Penn's ESI, in the manner specified in its response to Request for Production No. 3 above. East Penn specifically incorporates that response herein.*

SUPPLEMENTAL RESPONSE:

**All responsive documents able to located in the course of a reasonable search of its business records have been previously produced by East Penn. Should additional documents be located, this response will be supplemented in accordance with the North Carolina Rules of Civil Procedure.**

7. All documents substantially similar to Exhibit 1 to the Complaint in form and/or substance, the effective date for which preceded Exhibit 1 (and was in effect at any time in 2018).

*INITIAL RESPONSE:*

*Objection. This request is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any claim and/or defense at issue in this action. Further this request seeks the production of documentation protected by the attorney-client privilege and/or the work product doctrine. Accordingly, this request seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*Exhibit 1 is not applicable to any of the Plaintiffs. As such, none.*

SUPPLEMENTAL RESPONSE:

**All responsive documents able to located in the course of a reasonable search of its business records have been previously produced by East Penn. Should additional documents be located, this response will be supplemented in accordance with the North Carolina Rules of Civil Procedure.**

8. The "Driver's Cash Expense Guidelines" referenced in Exhibit 1.

*INITIAL RESPONSE:*

12

*Objection. This request is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any claim and/or defense at issue in this action. Further this request seeks the production of documentation protected by the attorney-client privilege and/or the work product doctrine. Accordingly, this request seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*Exhibit 1 is not applicable to any of the Plaintiffs. As such, none.*

### SUPPLEMENTAL RESPONSE:

**In addition to the foregoing, while East Penn has stated repeatedly that Exhibit 1 to the Complaint has no relevance to any of the Plaintiffs or their claims in this action, see documents produced herewith.**

9. All Department of Transportation (DOT) logs, Drive Time records, and other documents that show the miles driven by Plaintiffs during the relevant period.

### *INITIAL RESPONSE:*

*Objection. This request is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any claim and/or defense at issue in this action. Further this request seeks the production of documentation protected by the attorney-client privilege and/or the work product doctrine. Accordingly, this request seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*It is unknown what the "relevant period" refers to in this Request. Nevertheless, East Penn will produce certain responsive, non-privileged documents at a time and location, and in a format, mutually-convenient to the parties.*

### SUPPLEMENTAL RESPONSE:

**In addition to the foregoing, see documents produced herewith.**

12. All communications between and among any one or more of the Principal Players regarding Plaintiffs' wages and/or any of the allegations in the complaint, from January 15, 2018 to present.

13

Case 1:21-cv-00229-NCT-JEP   Document 41-1   Filed 06/09/22   Page 13 of 19

*INITIAL RESPONSE:*

*Objection. This request is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any claim and/or defense at issue in this action. Further this request seeks the production of documentation protected by the attorney-client privilege and/or the work product doctrine. Accordingly, this request seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*If any, such documents would be located in a search of East Penn's ESI, in the manner specified in its response to Request for Production No. 3 above. East Penn specifically incorporates that response herein.*

**SUPPLEMENTAL RESPONSE:**

**All responsive documents able to located in the course of a reasonable search of its business records have been previously produced by East Penn. Should additional documents be located, this response will be supplemented in accordance with the North Carolina Rules of Civil Procedure.**

17. All communications with any person or entity not a party to the above-captioned regarding any matter that is the subject of this action.

*INITIAL RESPONSE:*

*Objection. This request is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any claim and/or defense at issue in this action. Further this request seeks the production of documentation protected by the attorney-client privilege and/or the work product doctrine. Accordingly, this request seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*If any, such documents would be located in a search of East Penn's ESI, in the manner specified in its response to Request for Production No. 3 above. East Penn specifically incorporates that response herein.*

**SUPPLEMENTAL RESPONSE:**

**All responsive documents able to located in the course of a reasonable search of its business records have been previously produced by East Penn. Should additional documents be located, this response will be supplemented in accordance with the North Carolina Rules of Civil Procedure.**

18. All documents of any type whatsoever pertaining to any statements taken from any witnesses in this case by any person including, but not limited to, any and all statements, written or oral, affidavits, statements summaries, or other such documents, and all notes, memoranda, writings, and recordings concerning and/or relating to such statements or reports.

INITIAL RESPONSE:

*Objection. This request is overly-broad, unduly burdensome, vague, confusing and seeks information that is irrelevant to any claim and/or defense at issue in this action. Further this request seeks the production of documentation protected by the attorney-client privilege and/or the work product doctrine. Accordingly, this request seeks information beyond the scope of discovery as defined by the North Carolina Rules of Civil Procedure. Without waiving any of the foregoing objections, Defendants respond as follows:*

*Upon information and belief, none. However, if any responsive documents do exist, such documents would be located in a search of East Penn's ESI, in the manner specified in its response to Request for Production No. 3 above. East Penn specifically incorporates that response herein.*

SUPPLEMENTAL RESPONSE:

**All responsive documents able to located in the course of a reasonable search of its business records have been previously produced by East Penn. Should additional documents be located, this response will be supplemented in accordance with the North Carolina Rules of Civil Procedure.**

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSION

11. At all relevant times, you have been aware of your obligations under N.C. Gen. Stat. § 95-25.13(2).

INITIAL RESPONSE:

*It is admitted that East Penn is aware of, and complies with, all of its obligations under applicable law. Except as admitted, denied.*

SUPPLEMENTAL RESPONSE:

*Admitted.*

Dated: February 10, 2021

Respectfully submitted,

_____
Christopher C. Finan
N.C.S.B. No. 27820
ROBERSON HAWORTH & REESE, P.L.L.C.
300 North Main Street, Suite 300
P.O. Box 1550
High Point, NC 27261
Telephone: (336) 889-8733
Facsimile: (336) 885-1280
Email: cfinan@rhrlaw.com


Gary D. Melchionni
STEVENS & LEE
51 South Duke Street
Lancaster, PA 17602
717-399-6628
Fax: 610-236-4171
Email: gdm@stevenslee.com
(*Admitted Pro hac vice*)

*Attorneys for Defendants East Penn Manufacturing Company, Inc., Frank E. Cline and Bruce DelGarbino*

16

Case 1:21-cv-00229-NCT-JEP   Document 41-1   Filed 06/09/22   Page 16 of 19

## VERIFICATION

I, Alison Snyder, Assistant Vice-President Personnel, for the Defendant East Penn Manufacturing Co., Inc., affirm under penalty of perjury that I have personally reviewed, and am a custodian of, the business records made and kept in the ordinary course of the business of the Defendant relating to the matters described herein, and based on my personal review of the same and my personal knowledge derived from my review of such business records, affirms that the statements made in Defendants' Supplemental Responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

Dated: February 10, 2021

_Alison Snyder_
Alison Snyder

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISON |
| COUNTY OF FORSYTH | 20-CvS-1934 |

|  |  |  |
| --- | --- | --- |
| RUSSELL DORVIT, JOSHUA HAWKINS and MICHAEL ELLIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | **CERTIFICATE OF SERVICE** |
| v. | ) ) | |
| EAST PENN MANUFACTURING CO., FRANKIE CLINE and BRUCE DELGARBINO, | ) ) ) ) | |
| Defendants. | ) | |

THIS IS TO CERTIFY that the undersigned has this date served the foregoing **DEFENDANT EAST PENN MANUFACTURING CO.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF RUSSELL DORVIT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS TO ADMIT** in the above-entitled action upon all other parties to this cause by facsimile and/or by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal service, properly addressed to said parties, or the attorney or attorneys for said parties, as the case may be.

Eric Spengler, Esq.
Spengler & Agans, PLLC
352 N. Caswell Road
Charlotte, NC  2821043
**FAX: (704) 730-7861**
*Attorney for Plaintiffs*

Joshua R. Van Kampen, Esq.
Van Kampen Law, PC
315 E. Worthington Avenue
Charlotte, NC 28203
**FAX: (704) 749-2638**
*Attorney for Plaintiffs*

This the 10 day of February, 2021.

By: _____
Christopher C. Finan, N.C.S.B. No. 27820
*Attorney for Defendants*

18

OF COUNSEL:

ROBERSON HAWORTH & REESE, PLLC
300 N. Main Street, Suite 300
P. O. Box 1550
High Point, NC 27261
Telephone: 336-889-8733
Facsimile: 336-885-1280
Email: cfinan@rhrlaw.com