| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| FORSYTH COUNTY | CASE NO. 20-CVS-1214 |

| RUSSELL DORVIT, JOSHUA HAWKINS and MICHAEL ELLIS, | ) ) ) |
| --- | --- |
| Plaintiffs, | ) ) |
| v. | ) ) |
| EAST PENN MANUFACTURING CO., FRANKIE CLINE, and BRUCE DELGARBINO, | ) ) ) ) |
| Defendants. | ) ) ) |

### PLAINTIFFS' SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR DOCUMENTS

NOW COME Plaintiffs Russell Dorvit, Joshua Hawkins, and Michael Ellis and supplement their responses to Defendants' First Set of Interrogatories and Requests for Production of Documents as follows[1]:

**5. Identify each person you expect to call as a witness or whose testimony you expect to rely upon in the trial of this action, other than as an expert witness.**

**ORIGINAL ANSWER:** Plaintiffs object to this interrogatory on the basis that it is premature and seeks to impose obligations beyond the scope of Rule 26 and/or Rule 33 of the North Carolina Rules of Civil Procedure. Plaintiffs will identify their trial witnesses after the completion of discovery and pursuant to the timeline in the Case Management Order issued by the Court in this matter. Plaintiffs will not otherwise answer this interrogatory.

**SUPPELEMENTAL ANSWER:** None. Plaintiffs reserve the right to supplemental this response should they retain an expert witness, in which case Plaintiffs also will supplement their responses to Interrogatories 6 and 7.

…

**8. Identify and describe with specificity a detailed calculation of any and all amounts you claim as damages in this action by way of your Complaint. Your response to this interrogatory should include, but not be limited to, an identification of any and all documents supporting or relating in any manner to your response.**

---

[1] Note that all capitalized terms in this document have the same meaning as in the Complaint.

**ORIGINAL ANSWER:** Plaintiffs objects to this interrogatory on the basis that it is premature. Plaintiffs cannot answer this interrogatory without first receiving documents from Defendants, as requested by Plaintiffs in written discovery requests, which will evidence the miles driven by each Plaintiff and other information necessary to calculate Plaintiffs' proper compensation according to the company's Written Wage Policies. Plaintiff Ellis answers further by identifying handwritten notes and/or calculations that he created, which are produced herewith as Plaintiffs BATES 345. Plaintiffs reserve the right to supplement their response to this interrogatory.

**SUPPLEMENTAL ANSWER:** Plaintiffs calculate their damages as follows:

(A)   Plaintiffs each claim unpaid wages equal to the difference between the amount to which there were lawfully entitled under the Written Wage Policies, less the amount received according to the (lesser) hourly wage, for the duration of the two-year period prior to the filing of this litigation.

   Each of Plaintiffs drove different routes, and the amount of their mileage (and therefore daily unpaid wages) varies, accordingly.

- **Dorvit** claims damages in an amount ranging from **$23.15 to $26.00 per day** for 16.5 months in the statutory period (21 workdays per month), for a total unpaid wage ranging from $8,021.48 to $9,009. Dorvit claims liquidated damages under the NCWHA in an equal amount, for **total compensatory damages of $16,042.96 to $18,018**.

- **Hawkins** claims damages in an amount ranging from **$32.49 to $37.11 per day** for 18.5 months in the statutory period (21 workdays per month), for a total unpaid wage ranging from $12,622.37 to $14,417.24. Hawkins claims liquidated damages under the NCWHA in an equal amount, for **total compensatory damages of $25,244.74 to $28,834.48**.

- **Ellis** claims damages in an amount ranging from **$37.77 to $45 per day** for 20.5 months in the statutory period (21 workdays per month), for a total unpaid wage ranging from $16,259.99 to $38,745. Hawkins claims liquidated damages under the NCWHA in an equal amount, for **total compensatory damages of $32,519.97 to $38,745**.

   The above damages were calculated, first, based on an Excel spreadsheet produced by East Penn in discovery. The spreadsheet allows for the calculation of Plaintiffs' unpaid wages for the month of August 2018. East Penn appears to have created the spreadsheet at some unknown time, in response to Plaintiffs repeated complaints about East Penn's wage policies. Exhibit 1 attached hereto shows each of Plaintiff's unpaid wages, *according to East Penn's own calculations*. Note that the calculation of unpaid wages in Exhibit 1 does not include a "yard rate." (The calculation is made by comparing the column "Daily Pay N/YR" with the "Hourly Rate" column.)

   Second, each of Plaintiffs kept contemporaneous records of their daily mileage, stops, and junk batteries, for a period in around February 2019. These handwritten records were produced by Plaintiffs, as marked BATES 99 (Hawkins), BATES 116 (Dorvit), and BATES 345

(Ellis). Plaintiffs produce herewith a spreadsheet with the transcribed values for mileage, stops, and junk batteries, as found in these handwritten notes. (See Exhibit 2) The daily unpaid wage is calculated in Exhibit 2 by applying the applicable rates from the Written Wage Policies to the figures recorded by Plaintiffs, less the hourly rate received.[2]

The above-referenced range of unpaid wages reflects the two figures, i.e., the unpaid wage calculated according to Exhibit 1 and the unpaid wage calculated according to Exhibit 2.

(B)     In addition to the foregoing, each of the Plaintiffs claims damages equal to the fair market value of the annual free "rebuilt battery" to which they were entitled, pursuant to the Employee Discount Policy (Written Wage Policies, see Plaintiff BATES 046), but which East Penn declined to provide. Plaintiffs estimate the fair market value of each of these batteries to ranges from $80 to $150. Plaintiffs claim two (2) car batteries (one for each year in the statutory period), plus liquidated damages in the same amount.

(C)     Plaintiffs Dorvit and Ellis claim damages equal to the fair market value (plus liquidated damages in an equal amount) of the Safe Driver's banquet to which they were denied attendance by Defendants Delgarbino and Cline, acting on behalf of East Penn. The fair market value of the Safe Driver's banquet is subject to further discovery and includes a rental car, hotel room, and banquet dinner with open bar and entertainment.

(D)     Plaintiff Ellis claims damages equal to the unreimbursed business expenses he incurred and the unpaid per diem rate to which he otherwise was entitled, for the approximately two (2) overnight trips per week he made. Defendants Delgarbino and Cline instructed Ellis that he was allowed no more than $25 per day in per diem pay for meals on overnight trips. For years during his employment, Ellis complied with the instructions of his direct supervisors, that is, until Pete Witmer from East Penn's corporate offices disclosed to Ellis that the company's policy for per diem had, at all relevant times, been $50 per day for meals on overnight trips. Ellis claims damages of unpaid per diem of $25 per overnight trip during the statutory period, in an amount to be determined following further discovery.

(E)     Plaintiffs claim the right to their costs and reasonable attorney's fees, in an amount to be proved at trial.

Plaintiffs reserve the right to supplement their response to this interrogatory, including without limitation when East Penn supplements its production of documents. (See, e.g., East Penn's supplemental response to Response for Documents 9.)

**22. Identify each and every person from whom you, purportedly, "procured copies of the Written Wage Policies," as alleged in paragraph 64 of the Plaintiffs' Complaint. Your response to this interrogatory should also include, but not be limited to, an identification of any and all documents supporting or relating in any manner to your response.**

---

[2] The only exception is Plaintiff Ellis. The daily lost wage was approximately $98.29 per day, according to Exhibit 2. This figure is based on a sample size of only three workdays. Accordingly, Plaintiff Ellis has revised downward his claim for damages to more closely match the calculation according to Exhibit 1.

**ORIGINAL ANSWER:** With the exception of the document marked Exhibit 1, Plaintiffs received the other Written Wage Policies from DelGarbino, but only after intervention by the HR department at the company headquarters in Pennsylvania. With respect to Exhibit 1, specifically, see answer to Interrogatory 13. Plaintiffs identify the Written Wage Policies identified in response to Interrogatory 12.

**SUPPLEMENTAL ANSWER:** See Plaintiff BATES 367-68, produced herewith, the envelope in which the Written Wages Policies were sent by the HR department at the company headquarters in Pennsylvania to Plaintiff Dorvit. In addition, Plaintiff Dorvit received a copy of the document marked Plaintiff BATES 346 from a driver on the DC side.

. . .

## REQUESTS FOR DOCUMENTS

. . .

**13. Please produce any and all documents that you or anyone acting on your behalf or representing you, that filed with, or received from, the North Carolina Department of Labor, U.S. Occupational Safety and Health Administration, or any other federal, state or local agency concerning any administrative charges that preceded this lawsuit, including, but not limited to, charges, correspondence, notes memos, records, statements by you or other former or current employees of East Penn.**

**ORIGINAL RESPONSE:** Plaintiff Russell Dorvit provided the National Labor Relations Board with a 20- page sworn affidavit, dated December 12, 2019, in a matter with case number 10-CA-252506. The form affidavit as prepared by Jennifer Corbin, a NLRB board agent , includes a provision, under which Mr. Dorvit indicates his understanding that "this affidavit is a confidential law enforcement record and should not be shown to any person other than my attorney or other person representing me in this proceeding." The undersigned counsel conferred with Ms. Corbinabout the production of the affidavit in this litigation. She responded by email on June 30, 2020: "I checked with Regional management and they believe that you should take the position that theaffidavit is a confidential law enforcement document and you are not going to disclose
it. However, the tribunal/judge may require disclosure and you should let us know if you are required to disclose." Accordingly, this document and the underlying charge document is beingwithheld pursuant to the directive by the NLRB.

Mr. Dorvit filed a complaint on August 23, 2019 with the U.S. Department of Labor alleging violations of the Surface Transportation Assistance Act. Mr. Dorvit also filed a Retaliatory Employment Discrimination Complaint with the N.C. Department of Labor on November 24, 2019. These complaints and associated documents also are being withheld pending only further investigation into the legal issues, if any, implicated by their production in this litigation .

Except as otherwise disclosed, none.

**SUPPLEMENTAL RESPONSE**: See the NLRB Affidavit, produced herewith as Plaintiff BATES 347.

    This the 12th day of February, 2021.

/s/ Eric Spengler
Eric Spengler (NC Bar No. 47165)
Spengler & Agans, PLLC
352 N. Caswell Rd.
Charlotte, North Carolina 28204
Phone: (704) 910-5469
Fax: (704) 730-7861
Email: eric@spengleraganslaw.com

Joshua R. Van Kampen (NC Bar No. 32168)
Van Kampen Law, PC
315 East Worthington Avenue
Charlotte, North Carolina 28203
Phone: (704) 247-3245
Fax: (704) 749-2638
Email: josh@vankampenlaw.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

      THE UNDERSIGNED HEREBY CERTIFIES that the pleading to which this certificate is attached was served upon each party to this action by email (with mailed copy to follow) to the attorney of record for each party, or to the party, at their last known address, as stated below.

Christopher Finan
ROBERSON HAWORTH & REESE, PLLC
300 N. Main Street, Suite 300
P.O. Box 1550
High Point, N.C. 27261
cfinan@rhrlaw.com
gdm@stevenslee.com

*Attorneys for Defendants*

This the 12th day of February, 2021.     /s/ Eric Spengler
                                                                          Eric Spengler